**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES HAMMERAND,<br><br>Defendant. | No. 26-cr-1005-LTS<br><br>**CRIMINAL TRIAL MANAGEMENT ORDER** |

---

***TABLE OF CONTENTS***


***I. INTRODUCTION........................................................................... 3***

***II. ACCEPTANCE OF RESPONSIBILITY ................................................ 3***

***III. TRIAL STATUS REPORTS ........................................................... 3***

***IV. TRIAL DATE AND PRETRIAL CONFERENCE ...................................... 4***

***V. MOTIONS, NOTICES, AND REQUESTS ............................................ 4***

***VI. WITNESSES AND EXHIBITS ......................................................... 6***

***VII. JURY INSTRUCTIONS, VERDICT FORMS, INTERROGATORIES........... 9***

***VIII. JURY INVESTIGATION..............................................................12***

***IX. JURY SELECTION PROCEDURES ..................................................12***

***X. CONDUCT OF TRIAL ....................................................................15***

***XI. OPENING STATEMENTS; CLOSING ARGUMENTS............................16***

***XII. DEMONSTRATIVE AIDS......16***

***XIII. DEFENDANT'S ATTIRE AT TRIAL......16***

***XIV. PROTOCOL FOR WITNESSES......16***

***XV. RESTRICTIONS ON WITNESSES......17***

***XVI. COURTROOM TECHNOLOGY......18***

***Appendix/Deadlines Chart......19***

***I.*** ***INTRODUCTION***: This order sets deadlines and procedures applicable to this case.[1] All deadlines in this order apply to the original trial date or any subsequent trial date to which the trial is continued, unless stated otherwise. A defendant who elects to represent themselves is held to the same deadlines and procedures as counsel.[2] A chart setting the deadlines is attached in the Appendix.

***II.*** ***ACCEPTANCE OF RESPONSIBILITY***: To allow the parties the greatest opportunity to prepare for trial and to efficiently allocate court resources, the court makes a final decision of the order of the cases to be tried approximately two weeks before the scheduled trial date. Thus, a defendant must file a notice of the defendant's intention to plead guilty no later than **21 days**[3] before trial. The court also expects a defendant will enter the plea at least **14 days** prior to the trial date (even if the trial date is stricken by the order scheduling the plea hearing).[4] If a defendant fails to do so, the court **will not** grant the additional one-level decrease for acceptance of responsibility under USSG §3E1.1(b) absent exceptional circumstances. The parties must fully execute any written plea agreement prior to entry of the plea.

***III.*** ***TRIAL STATUS REPORTS***: If a defendant does not file a notice of intent to plead guilty or the court has not granted a motion to continue the trial date 21 days or more before trial, then **20 days** before trial the parties must each file a Trial Status

[1] This order was revised April 6, 2026.

[2] Reference to "counsel" in this order can also apply to a defendant who is proceeding *pro se*.

[3] The word "days" in this order means calendar days, not court days.

[4] If, after filing a notice of intent to plead guilty, the defendant does not enter a guilty plea 14 or more days prior to the stricken trial date, the court may reinstate the trial date and require the parties to proceed to trial.

Report.[5] The Trial Status Reports must inform the court as to (a) an estimated number of days necessary to try the case, (b) the number of witnesses the parties anticipate calling, (c) a summary of any unusual legal or evidentiary issues, (d) an indication of whether the parties consent to having a United States Magistrate Judge preside over jury selection, and (e) the government's status report must also include the speedy trial calculation.

***IV. TRIAL DATE AND PRETRIAL CONFERENCE***: Trial is scheduled before United States District Judge Leonard T. Strand at the United States Courthouse, Courtroom Two, Cedar Rapids, Iowa, during the two-week period beginning **Monday, June 15, 2026**.[6] Unless ordered otherwise, the Pretrial Conference (PTC) will be held in the courtroom beginning promptly at 8:30 a.m. on the first day of trial. All counsel and parties must be present for the PTC at the scheduled time, and fully prepared to proceed with the trial.

***V. MOTIONS, NOTICES, AND REQUESTS***:

***A. Pretrial Motions***. All motions not directly related to trial issues, including discovery motions, motions to suppress, motions to dismiss and motions for severance, must be filed within **28 days** after the date of the first arraignment, or after the court's acceptance of written waiver of arraignment.[7] *See* LCrR 12(a). This deadline controls

[5] If the parties confer and agree in advance of this deadline, either party may set forth the required information and provide a statement indicating the report represents the parties' positions.

[6] The court may schedule the trial to begin on a later date within the time allowed under the Speedy Trial Act, 18 U.S.C. § 3161.

[7] Any reference in this order to "the arraignment" is to the defendant's *first* arraignment. If a superseding indictment is returned and the defendant desires an extension of a deadline, then the defendant must file a motion to extend the deadline. The court will consider a motion for an extension of this deadline (or, if the deadline passed, a motion to reset the deadline) upon a showing of good cause, including, for example, if supplemental discovery provides a basis for a

even if the trial is continued. Resistances to these motions must be filed within **7 days** after the filing of the motion, but in any event, at **least 4 days** before any hearing at which the motion will be heard. *See* LCrR 47. It is the court's normal practice to assign these motions to a Magistrate Judge for a report and recommendation.[8]

Parties seeking an evidentiary hearing must request such a hearing in their motion and present definite, specific and detailed facts that show the existence of a substantial claim and entitlement to the relief sought. Reliance on vague or conclusory allegations is insufficient. Any party requesting an evidentiary hearing must plead a factual basis that, if accepted as true, would entitle the party to relief.

***B. Trial-Related Motions and Trial Briefs***. All trial-related motions, including motions in limine, must be filed as soon as practicable, but at least **18 days** before trial.[9] Parties should file only one motion in limine encompassing all issues. Resistances to these motions must be filed within **7 days** after the filing of the motion, but in any event, at **least 4 days** before the trial. *See* LCrR 47. Unless ordered otherwise, the court will take up these motions at the PTC.

Trial briefs must be filed at least **7 days** before trial. Trial briefs may be filed under seal without further leave of court.

---

pretrial motion. *See* LCrR 12(*b*); *see also* LR 7(j)(k).

[8] Please refer to the assigned Magistrate Judge's Standing Order which is available on the court's website.

[9] If, however, a defendant has indicated an intent to plead guilty or signed a plea agreement, this deadline is suspended pending the change of plea hearing. If the defendant does not plead guilty as intended, trial-related motions will then be due no later than **13 days** before trial if the court reinstates the stricken trial date.

The parties must notify the court by motion in limine, by motion under Federal Rule of Evidence 104(a), or in the trial brief of all novel, unusual or complex legal, factual or procedural issues reasonably anticipated to arise at trial.

***C.*** ***Notices and Requests***. All notices and requests under Local Criminal Rule 12(a) must be given within **28 days** after the date of the first arraignment or after the court's acceptance of written waiver of arraignment.

***D.*** ***Expert Disclosures.*** Discovery required by Fed. R. Crim. P. 16(a)(1)(G) (from the Government) and Fed. R. Crim. P. 16(b)(1)(C) (from the Defendant) must be disclosed no later than **28 days** before trial.

***E.*** ***Subpoenas and Requests for Writs***. Requests for **subpoenas** and **writs of *habeas corpus ad testificandum*** must be filed no later than **14 days** before trial for witnesses within the district and **21 days** before trial for witnesses outside the district.[10] *See* LCrR 17.

## ***VI.*** ***WITNESSES AND EXHIBITS***:

***A.*** ***Witness Lists***.[11] Parties are not to file on CM/ECF their witness lists but must exchange a list of prospective witnesses and provide a copy to the court via email to the District Judge's Judicial Assistant, no later than **7 days** before trial. Parties must also provide a copy of the witness list to the Court Reporter and to the Magistrate Judge if the parties consented to the Magistrate Judge presiding over jury selection.

***B.*** ***Jencks Act Disclosures***. Assuming the parties have agreed to the standard reciprocal discovery order, and unless previously provided through discovery

[10] If the scheduled trial date falls between November 15 and January 15, parties must submit these requests no later than **21 days** and **28 days** before the scheduled trial date.

[11] The defendant need not be included in the witness list because a defendant is considered a possible witness in every criminal trial.

disclosures, no later than **7 days** before trial, the government must provide to defense counsel all materials required under the Jencks Act, 18 U.S.C. § 3500, for each witness identified on the government's witness list.[12] No later than the **day before** it is anticipated that the government will rest its case in chief, defense counsel must deliver to the government any Jencks Act material for each witness identified on the defendant's witness list. For witnesses for whom there exists no statements or reports subject to disclosure through discovery or the Jencks Act, the party listing the witness must provide on the witness list next to the witness's name their address and phone number.

The parties have an ongoing obligation to update their witness lists and Jencks Act disclosures.

***C.*** ***Exhibits***. The parties must exchange a list of prospective exhibits no later than **7 days** before trial. The exhibit lists must appear in the following format:

| **(Government's)(Defendant's) Exhibits** | **Objections** [Cite Fed. R. Evid.] | **Offered** | (A)-(NA) |
|---|---|---|---|
| [1.][A.] [*describe exhibit*][13] | | * | * |
| [2.][B.] [*describe exhibit*] | | | |
| [3.][C.] [*describe exhibit*] | | | |

[**Parties leave blank for court use a trial.*]

No later than **5 days** before trial, the parties must exchange copies of all documentary or electronic exhibits, and they must confer regarding exhibits. At this conference, the parties are encouraged to reach an agreement on the admissibility of

[12] Defense counsel may not photocopy, reproduce or re-disseminate these materials in any manner, and must return the materials to the government at the conclusion of the trial.

[13] Description must be generic and non-argumentative.

exhibits so that all exhibits to which there are no objections may be admitted upon stipulation of the parties at the start of the trial. To the extent the parties cannot stipulate to admission of exhibits, they are encouraged to identify the Federal Rules of Evidence upon which they intend to rely when objecting to admission of the exhibit. Nothing in this paragraph is intended to suggest that a defendant is obligated to agree to admission of any exhibits before trial.

No later than **4 days** before trial, the parties must provide the court with one set of their trial exhibits in a three-ringed binder, with each exhibit tabbed and labeled and with an exhibit list (with just exhibit numbers/letters and descriptions) at the front of the binder. These will be used by the jury during deliberations. The parties must also provide the court with a second copy of their exhibit lists in the format listed above, along with one copy of any exhibits the parties object to.

No later than **4 days** before trial, the parties must also provide the Clerk of Court with electronic copies of all exhibits. These can be submitted to the Clerk of Court according to the requirements on the court's website. These electronic versions should be the same as the original trial exhibits (exhibit stickers, etc.) because they will be used by the jurors in the Jury Evidence Recording System (JERS) during deliberations.

All exhibits must be marked by the parties before trial in accordance with Local Criminal Rule 57B(a) and Local Rule 83E(a), including the government must use numbers and the defendant must use letters; exhibits must be marked with the case number; and all exhibits longer than one page must contain page numbers at the bottom of each page. Personal data identifiers **must** be redacted from all exhibits, unless doing so would be unduly burdensome, in which case the party should ask for the exhibit to be filed under seal when admitted. *See* LR 10(g).

All exhibits will be returned to counsel after trial concludes. **Counsel must sign an acknowledgement of receipt of the exhibits and maintain the exhibits until**

**judgment becomes final.** Within **3 days** after a hearing or trial, the parties must file electronically in CM/ECF all hearing and trial exhibits admitted into evidence. The parties will file any exhibits that are offered but not admitted as offers of proof. The parties will not file any exhibits not offered into evidence. All filed exhibits are made a part of the public record of the case unless the court specifically orders otherwise. The parties do not need to seek leave from the court to file exhibits under seal if that exhibit contains any of the Personal Data Identifiers listed in LR 10(g). Instructions for electronically filing exhibits in CM/ECF can be found on the court's website.

***VII. JURY INSTRUCTIONS, VERDICT FORMS, INTERROGATORIES***: Counsel assistance with the preparation of jury instructions is mandatory, and failure to submit proposals or objections as indicated in this order will be deemed a waiver of such proposals or objections. To aid counsel, instructions used in prior cases, including case-specific and stock instructions, are available on the court's website.

***A. Counsel Instructions Conference***. At least **17 days** before trial, the government must serve (via email) on defense counsel its proposed instructions, verdict forms, interrogatories and statement of the case, as follows:

(1) "elements" of offenses charged, lesser-included offenses, and attempt or aiding and abetting alternatives and any necessary explanatory instructions;

(2) any "theory of defense" instruction(s) requested by the defendant;[14]

---

[14] When a defendant might be prejudiced by revealing a theory of defense prior to trial, the defendant may submit an ex parte notice of proposed "theory of defense" instruction for the court's review **12 days** before trial so the court has the opportunity to review, research and/or revise the instruction. In those circumstances, the defendant's proposed "theory of defense" instruction will only be revealed to the government prior to the instructions conference required by Rule 30 of the Federal Rules of Criminal Procedure.

(3) "impeachment" instructions, which so far as practicable should include the name of the witness(es) to whom individual impeachment instructions (such as prior conviction, testimony pursuant to a plea agreement or offer of immunity, testimony of an informant, etc.) are applicable;

(4) expert testimony instructions if applicable;

(5) any other case-specific instructions, such as limiting instructions (to be given orally or in writing), that the parties reasonably can anticipate before evidence is presented at trial;

(6) verdict forms for each offense charged and for each defendant;

(7) any relevant interrogatories; and

(8) a brief statement of the case to be read to the prospective jurors at the start of jury selection.

At least **15 days** before trial, defense counsel must serve (again via email) on the government and all other defense counsel any alternative proposals.

At least **14 days** before trial, counsel must have an instructions conference. The Assistant United States Attorney in charge of the case is responsible for initiating the conference. However, failure of the Assistant United States Attorney to initiate the conference will not excuse the parties from submitting case-specific instructions separately at least **12 days** before trial. At the instructions conference, counsel must attempt to agree on the form and content of the case-specific instructions, verdict forms, interrogatories and statement of the case.

***B. Submission of Proposed Instructions***. At least **12 days** before trial, counsel must **jointly** file proposed instructions in each of the eight categories identified in part A above, consisting of the following: (1) all joint, agreed instructions on the issue; and (2) any instructions to which counsel have not agreed. Counsel must advise the court in the proposed instructions whether instructions will be needed for expert testimony

or testimony by a defendant. Each requested instruction must be numbered separately, begin on a separate page and be double-spaced (disputed instructions on the same issue must be identified, for example, as 5A for the government's submission and 5B for a defendant's submission). Every proposed instruction must indicate at the bottom the authority upon which it is based, such as model instruction number, statute, regulation, decision or other authority. All pattern instructions must be submitted in full text form with case-specific modifications such as name of a party or witness or alternative language applicable, with such modifications indicated by underscoring of additions and striking out of deletions. Immediately upon the filing of the joint proposed jury instructions, the government's counsel must provide those instructions in MS Word format by email to the District Judge's Judicial Assistant.

***C. Objections to Instructions***. At least **10 days** before trial, counsel **separately** must file the following: (1) objections to the court's stock instructions and any different or additional stock instructions the party requests; and (2) objections to the opposing party's proposed instructions on any disputed matters. Again, every objection or proposed alternative instruction must indicate the authority upon which it is based, such as model instruction number, statute, regulation, decision or other authority, and all pattern instructions must be submitted in full text form with case-specific modifications. Counsel also will have the opportunity to make objections on the record to the final form of Preliminary and Final Jury Instructions before they are read to the jury.

***D. Instructions in the Course of Trial***. Instructions not requested as set forth above will be deemed waived, unless the subject of the instruction arises during trial and reasonably could not have been anticipated before trial from the indictment, discovery or nature of the case. Instructions that reasonably could not have been anticipated may be submitted in the course of trial but, unless circumstances make it impracticable to do so, such instructions must be submitted in writing with supporting authority.

***E. Reading of Jury Instructions***. The court does not require the Court Reporter to transcribe the reading of the jury instructions and considers the instructions read as published in the final version filed of record. The parties should make a record as to any misreads of the instructions at the conclusion of the reading of the instructions.

If any party objects to any part of the procedure described in this section, that objection must be raised at or before the PTC.

***VIII. JURY INVESTIGATION***: If any party conducts any type of jury investigation, the party must disclose to the court and all opposing counsel the name of any potential juror who has been determined to have a criminal conviction for an offense more serious than a simple misdemeanor and any information learned about whether the sentence for such offense has been completed.

***IX. JURY SELECTION PROCEDURES***: The following describes the jury selection procedures.

***A.*** The Clerk of Court will notify approximately forty to fifty randomly selected potential jurors to appear at the courthouse at **8:15 a.m.** on the first day of trial.[15] About a week before trial, the Clerk of Court will file on CM/ECF a list of the potential jurors, together with copies of their juror questionnaires, and the seating chart of the first twenty-nine potential jurors. Twenty-nine is the number of potential jurors needed, after sixteen peremptory strikes, to produce twelve jurors and one alternate. One additional potential juror will be seated for each additional peremptory strike and for each additional alternate juror required to try the case. Any request for additional peremptory strikes[16]

---

[15] If all parties consent to the Magistrate Judge presiding over jury selection, they must file written consent no later than **20 days** before trial. If the parties consent, they will each be permitted up to 45 minutes (rather than 30 minutes) for voir dire.

[16] With twenty-nine potential jurors, the United States may exercise up to six strikes and the

or alternate jurors must be filed at least **14 days** before trial. If there are multiple defendants, the defendants must decide how to use their peremptory challenges. If the defendants cannot agree, they must file a motion seeking relief at least **14 days** before trial.

***B.*** The first twenty-nine of the preselected potential jurors appearing for jury selection will be seated in order in the jury box[17] and will be the potential jurors first considered for empanelment on the jury. The court will swear in the entire panel, make introductory remarks, and conduct an initial voir dire. This voir dire may include questions for the panel requested by a party at the Final Pretrial Conference.

***C.*** After the court has completed its questions, each side will be permitted to conduct jury voir dire. Counsel's request for additional time for voir dire because of the complexity or unusual nature of a case, or in multi-party cases, should be made no later than **14 days** before trial. The parties are not permitted to argue their case or engage in questioning unrelated to the potential jurors' ability to serve.

***D.*** The parties may challenge any potential juror for cause. These challenges may be made at sidebar. The court will replace a potential juror excused for cause with the next potential juror on the court's list of preselected potential jurors, who then will undergo the same questioning as the other potential jurors. There will be twenty-nine potential jurors remaining in the jury box at the conclusion of voir dire.

***E.*** The court will use the "serial strike" method for exercising peremptory strikes. After voir dire, and after ruling on all for-cause challenges, the court will allow

defendant up to ten strikes.

[17] If any of the first twenty-nine preselected potential jurors do not appear for jury selection or are excused from jury service after arriving at the courthouse, they will be replaced with the next potential juror on the court's list of preselected potential jurors and counsel will be provided with an updated list.

the parties 10 minutes to review their notes before excusing the prospective jurors from the courtroom and allowing the parties another 10-minute break to review their notes and arrive at decisions regarding the exercise of peremptory strikes. After the break, but with the prospective jurors still outside the courtroom, the court will begin the process of calling upon the parties to exercise peremptory strikes juror by juror. The court will begin with the first prospective juror seated in the box. The court will first call upon the government and inquire whether the government wishes to exercise a peremptory strike on Juror #1. The court will identify the prospective jurors by last name and by the number of the seat the prospective juror occupies in the box. If the government exercises a peremptory strike, Juror #1 is removed from the jury. If the government declines to exercise a peremptory strike on Juror #1, the court will inquire if the defendant wishes to exercise a peremptory strike on Juror #1. If the defendant exercises a peremptory strike on Juror #1, that juror is removed from the jury. If the defendant declines to exercise a peremptory strike on Juror #1, then Juror #1 will be on the jury.

The court will then turn to Juror #2 and will inquire first if the defendant wishes to exercise a peremptory strike on Juror #2. If the defendant exercises a peremptory strike, Juror #2 is removed from the jury. If the defendant declines to exercise a peremptory strike on Juror #2, the court will inquire if the government wishes to exercise a peremptory strike on Juror #2. If the government exercises a peremptory strike on Juror #2, that juror is removed from the jury. If the government declines to exercise a peremptory strike on Juror #2, then Juror #2 will be on the jury.

The court will then turn to the next jurors in the order in which they are seated in the box and repeat the process, alternating as to which side is asked first. Each time both parties decline to exercise a peremptory strike on a prospective juror, that prospective juror will become a member of the jury. Once the jury consists of the

appropriate number of jurors, the process will end, even if the parties have not used all their peremptory strikes. No back-striking will be allowed.

***F.*** After completing the serial strikes, the Courtroom Deputy will provide the parties with the chart for review. The Courtroom Deputy will then provide the chart to the court. At this time, the jurors will be brought back into the courtroom. The names of the thirteen remaining jurors will be announced, and the rest of the panel will be excused. The thirteen names announced will be the jury. The alternate juror will be the last juror called forward and seated. The alternate juror will not be advised that he or she is an alternate juror.

***G.*** The court will swear in the jury.

***H.*** Any objection to this jury selection procedure must be served and filed at least **14 days** before trial.

***X.*** ***CONDUCT OF TRIAL***: It is anticipated that the first day of trial will last from 9:00 a.m. to 5:00 p.m. Thereafter, trial days may start or end at different times, depending on the court's schedule. The court will notify the parties of the trial schedule no later than the PTC. The parties are expected to have witnesses available so the court can take testimony throughout the full trial day without undue delay.

After the first day of trial, the parties are expected to be in the courtroom by no later than 8:15 a.m. each morning of trial. The time between 8:15 a.m. and the start of testimony is to be used to review exhibits the parties anticipate introducing into evidence during that trial day, to set up any audio/visual equipment and to take up any evidentiary or other issues which need to be addressed outside the presence of the jury. If a party believes there may be issues requiring more than five or ten minutes to resolve, that party must promptly advise the court and opposing counsel. The court will then set an earlier meeting time so trial can start on time.

Sidebar conferences during the trial are strongly discouraged by the court. Defense counsel is advised that a defendant, whether in custody or not, is entitled to participate in sidebar conferences, and this right is waived if the defendant does not participate in the conference. A defendant participates in sidebar conferences by putting on the headset provided at counsel table. Unless proceeding *pro se*, the defendant must not accompany defense counsel to sidebar. Defense counsel is to advise the defendant of this right and procedure before the start of trial.

***XI. OPENING STATEMENTS; CLOSING ARGUMENTS***: Opening statements are limited to **30 minutes** and closing arguments are limited to **1 hour**. A request for additional time for opening statements or closing arguments must be made no later than the PTC. Counsel must at all times, however, either speak in front of a microphone or use a lavaliere microphone.

***XII. DEMONSTRATIVE AIDS***: A party using a demonstrative aid during a jury trial must, before the demonstrative aid is displayed to the jury, show the demonstrative aid to all other parties participating in the trial. The term "demonstrative aid" includes charts, diagrams, models, samples and animations, but it does not include exhibits admitted into evidence or outlines of opening statements or closing arguments.

***XIII. DEFENDANT'S ATTIRE AT TRIAL***: Defense counsel must arrange for street clothing for the defendant to wear during the trial. No defendant should appear in court during the trial in jail-issued clothing.

***XIV. PROTOCOL FOR WITNESSES***: Counsel calling witnesses to testify must advise the witnesses: (1) that substances such as food, beverages and chewing gum should not be brought into the courtroom; and (2) proper dress for the courtroom does

not include shorts, overalls, T-shirts, shirts with printed words or phrases on the front or back, tank tops or the like.

***XV. RESTRICTIONS ON WITNESSES***: Counsel who call witnesses to testify must advise the witnesses of the following restrictions.

***A. Exclusion of Witnesses***. Before testifying, witnesses are not permitted to hear, or learn through any other means, the testimony of any other witness. Witnesses are excluded from the courtroom during the trial or hearing until after they have completed their testimony unless the witness's presence is authorized by Federal Rule of Evidence 615, the Victims' Rights and Restitution Act of 1990 (42 U.S.C. § 10607), the Justice for All Act of 2004 (18 U.S.C. § 3771) or the court orders otherwise.

***B. Restrictions on Communications with Witnesses***. Unless the court orders otherwise, after the start of the trial or evidentiary hearing, and until the conclusion of the trial or hearing, witnesses are prohibited from communicating with anyone, including counsel, about what has occurred in the courtroom during the trial or hearing. After a witness is tendered for cross-examination and until the conclusion of the witness's testimony, the witness is prohibited from communicating with anyone about the subject matter of the witness's testimony. A witness may, however, communicate with counsel about matters of privilege, and may communicate with anyone if the right to do so is guaranteed by the United States Constitution.

***C. Uniformed Witnesses***. No witness, defendant, government case agent or investigator may appear in court in the presence of the jury wearing a law enforcement uniform. They may only wear appropriate civilian clothing that does not identify the person as a representative of a law enforcement agency. The testimony of any witness appearing in court before a jury in attire prohibited by this order may be barred.

***XVI. <u>COURTROOM TECHNOLOGY</u>***: Before the start of trial, counsel and witnesses who intend to use the technology available in the courtroom must familiarize themselves with the proper operation of the equipment. Instruction and training on the proper use of the equipment may be obtained from the court's automation staff whose contact information is on the court's website.

At least **10 days** before trial, if a party wishes to use video conferencing technology for the testimony of any witness, the party must first obtain consent from the court, stating opposing counsel's position, and then contact the court's automation staff to schedule a test call with all witnesses planning on appearing via video. Failure to comply with the court's requirements for video conferencing will result in the court denying the opportunity to have a witness testify via video conferencing.

If a party wishes to connect a laptop or other electronic device to the courtroom equipment, the party must have the device tested by the court's automation staff **at least 7 days before trial**. Failure to have the device tested will result in the court denying the connection of the device to the courtroom equipment.

If a party wishes to present electronic evidence requiring use of the courtroom equipment, the party **must** have a test with the court's automation staff **at least 7 days** before trial to ensure compatibility with the courtroom equipment.

Wi-Fi is available for the parties to use during court proceedings. Users of the court's Wi-Fi are bound by the court's Wireless Access Policy, which can be found on the court's website.

**IT IS SO ORDERED** this 21st day of April, 2026.

Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa

***APPENDIX*** – *Criminal Trial Management* Order Deadlines
Northern District of Iowa – Cedar Rapids Trials

| Event | Deadline | Page |
|---|---|---|
| Pretrial motions (LCrR 12(a)) | 28 days after first arraignment | 4 |
| Notices and requests (LCrR 12(a)) | 28 days after first arraignment | 6 |
| Expert disclosures (Fed. R. Crim. P. 16(a)(1)(G) and (b)(1)(C)) | 28 days before trial | 6 |
| Subpoenas and requests for writs | 14 days before trial (in-district witnesses) or 21 days before trial (28 days if trial between 11/15 and 1/15) for out-of-district witnesses | 6 |
| Notice of intention to plead guilty (third level for acceptance of responsibility) | 21 days before trial | 3 |
| Trial Status Report | 20 days before trial (if notice of intent to plead guilty is not filed and court has not granted a motion to continue trial) | 3 |
| Motion to continue trial (if any) | filed prior to 21 days before trial | 3 |
| Government provides defense with proposed instructions, verdict forms, interrogatories, and statement of the case | 17 days before trial | 9 |
| Defense provides government with alternative proposed jury instructions or objections | 15 days before trial | 10 |
| Jury instruction conference | 14 days before trial | 10 |
| Joint proposed jury instructions to the court | 12 days before trial | 10 |
| Ex parte submission of theory of defense jury instruction | 12 days before trial | 9 |
| Objections to joint proposed or court stock jury instructions | 10 days before trial | 11 |
| Written consent to jury selection by a magistrate judge | 20 days before trial | 12 |
| Trial-related motions (e.g., motions in limine) | 18 days before trial | 5 |
| Requests for additional time for voir dire | 14 days before trial | 13 |
| Requests for additional peremptory strikes | 14 days before trial | 13 |
| Objections to jury selection procedure | 14 days before trial | 15 |
| Contact court's IT staff re: video testimony | 10 days before trial | 18 |
| Testing courtroom technology | 7 days before trial | 18 |
| Trial briefs | 7 days before trial | 5 |
| Witness lists | 7 days before trial | 6 |
| Exhibit lists | 7 days before trial | 7 |
| Government disclosure of Jencks material | 7 days before trial | 6 |
| Exhibit conference and exchange of exhibits | 5 days before trial | 7 |
| Copy of exhibits and exhibit list to court in tabbed and labeled three-ringed binders; copy of exhibit list with objection notations and copies of exhibits with objections to the court; and electronic copies of exhibits to Clerk of Court | 4 days before trial | 8 |
| File exhibits | 3 days after trial or hearing | 9 |

The word "days" refers to calendar days, and not "court days"; Local Criminal Rule 12 controls deadlines for filing resistances and reply briefs to any motions set forth above.